996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack R. MERRILL, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 92-1952.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 Before GUY, and SUHRHEINRICH, Circuit Judges, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Jack Merrill, appeals the district court's grant of partial summary judgment in favor of defendant, Michael P.W. Stone, Secretary of the Army, in this action brought under the Age Discrimination in Employment Act (ADEA). He also appeals the district court's judgment for defendant after a bench trial concerning another incident of alleged employment discrimination. We affirm.
 
 I.
 
 2
 Merrill was employed as a landscape architect project manager at the Corps of Engineers, Norfolk District, in Norfolk, Virginia. On March 30, 1988, a vacancy was announced for the position of landscape architect in the Engineering Plans and Service Division, Directorate of Engineering and Housing, at Fort Sheridan, Illinois (DEH). Merrill, who was 58 years of age, applied for this position, and on May 10, 1988, his name was referred to the selecting official, Joseph Geraci, along with the names of two other individuals considered qualified. Geraci's only contact with the applicants was by telephone; he did not meet any of them in person.
 
 
 3
 Ostensibly basing his selection decision upon the relevant qualifications of the candidates, Geraci first selected a 37-year-old applicant, who declined the position. Geraci then offered the job to a 41-year-old applicant, who also turned it down.
 
 
 4
 After the first selectees refused Geraci's offer of employment, he decided to reannounce the vacancy. He later stated that he wanted to do so in order to increase the pool of qualified candidates. At this point in time, DEH was in the process of formulating budget resource proposals for 1989. The decision was made within DEH to go forward with the second announcement, pending resolution of the budget.
 
 
 5
 Merrill again applied for the position and was the only candidate considered qualified. He was certified to Geraci, the selecting official, on September 30, 1988. Geraci then was notified by his superior of budgetary constraints requiring the landscape architect position to be cancelled. The selection process was formally terminated on October 4, 1988.
 
 
 6
 On October 27, 1988, Merrill filed a complaint of age discrimination with the United States Army Civilian Appellate Review Agency (USACARA). The USACARA investigator determined that defendant had articulated legitimate, nondiscriminatory reasons for Merrill's nonselection, which Merrill could not establish were pretextual.
 
 
 7
 On November 3, 1989, defendant issued its proposed finding of no discrimination. Dissatisfied with the proposed disposition, Merrill requested a hearing before an administrative law judge, but later withdrew the request. Thereafter, on October 23, 1990, defendant issued its final decision, concluding that no discrimination had occurred. On December 6, 1990, Merrill appealed to the Equal Employment Opportunity Commission, which also determined that he had not been subjected to age discrimination.
 
 
 8
 Merrill subsequently filed suit in federal district court on April 25, 1991, asserting that defendant had violated the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1978), by denying him employment as a landscape architect at Fort Sheridan. Defendant moved for summary judgment. On May 12, 1992, the district court granted defendant partial summary judgment concerning the nonselection of Merrill for the second position vacancy. On July 9, 1992, after a bench trial, the court ruled in favor of defendant on Merrill's remaining allegation of discriminatory nonselection.
 
 II.
 
 9
 Merrill contends that the district court erred in granting partial summary judgment in defendant's favor when there was a genuine issue of material fact remaining in dispute.
 
 
 10
 After examining the papers submitted in connection with defendant's summary judgment motion, the district court found that Merrill made out a prima facie case of age discrimination concerning his nonselection for the second position vacancy. See McDonnell Douglas v. Green, 411 U.S. 792 (1973). However, the court also determined that defendant had a legitimate, nondiscriminatory reason for not hiring him and that such a reason was not pretextual.[1] Accordingly, it concluded that summary judgment in defendant's favor was appropriate regarding the second position vacancy. Conversely, the court did not believe that summary judgment was proper as to the controversy surrounding the first vacancy.
 
 
 11
 We review the district court's grant of partial summary judgment de novo. Phelps v. Dunn, 965 F.2d 93, 97 (6th Cir.1992) (citing EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990)). Under Rule 56(c) of the Federal Rules of Civil Procedure, such a disposition is proper
 
 
 12
 if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 
 
 13
 To be genuine, "the dispute must concern evidence upon which 'a reasonable jury could return a verdict for the nonmoving party.' " Phelps, 965 F.2d at 97 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).
 
 
 14
 Consideration of a summary judgment motion "requires a determination of whether the party bearing the burden of proof [at trial] has presented a jury question as to each element of its case." Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). In doing so, the nonmovant may not rely upon a mere scintilla of evidence; rather, the district court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. For this purpose, the evidence must be viewed in the light most favorable to the nonmovant, who also is entitled to the benefit of all reasonable inferences that may be drawn from that evidence. See Chappell v. GTE Prods. Corp., 803 F.2d 261, 265 (6th Cir.1986).
 
 
 15
 Defendant claimed that, after readvertising the landscape architect position, it was withdrawn because of budgetary constraints. To attempt to establish that this was a pretext for not offering the position to him, Merrill relied upon the testimony of Nancy Gaffke, an Equal Employment Opportunity counselor at Fort Sheridan, given at a USACARA tribunal. When Gaffke was asked why the landscape architect vacancy was not filled, she replied:
 
 
 16
 I know that when the job had been offered a second time it had been turned down then they advertised the job again and when Mr. Geraci was notified that the list was ready, when he was told who was on the list, it was determined that the job would be cut for budget constraints. Now to me if the job was going to be cut for budget constraints, he should have contacted them and stopped any other processing of this, but why was it until the list came out and he was told who was on the list at that point and he decided that due to the budget constraints--
 
 
 17
 (App. 106.)
 
 
 18
 Gaffke was then questioned further about whether budgetary constraints were a plausible justification for DEH's failure to hire Merrill:
 
 
 19
 Q Okay. Do you know if that was--was there a full-scale effort going on around the activity regarding positions money wise because of the budget?
 
 
 20
 A [Gaffke] I think all Federal agencies are having money situation problems but there is still a lot of hiring being done and for positions that are necessary and money is always available.
 
 
 21
 Q Did you talk to the Complainant at all about the second position and the fact that it was being cancelled because of a budget?
 
 
 22
 A I told him, you know, that this was the reason I was given but I still go back to when the first list came out and there were three highly qualified people and the position was offered to two and both had declined. Why was not the job offered to Mr. Merrill. Why was his references never checked. To me if I were hiring a person, before I would say no to anyone I would certainly check into their references. I would go over their 171's and if there was money then the selection should have been made.
 
 
 23
 Q Okay.
 
 
 24
 A We all know in advance if there are going to be money problems coming up. It doesn't just automatically happen. We all know a month, a couple of months in advance.
 
 
 25
 (App. 106-07.)
 
 
 26
 In its decision, the district court concluded that "Gaffke's testimony indicated her opinion referenced all federal agencies and not this particular agency at this particular time. Accordingly, the Court finds it to be of no value in weighing the merits of this motion." (App. 175.)
 
 
 27
 Merrill argues that Gaffke was, in fact, referring to budgetary constraints at Fort Sheridan, as she was employed at the base. He also asserts that he "was entitled to Gaffke's testimony that budgetary constraints were not a likely reason for the cancellation" of the landscape architect position.
 
 
 28
 However, there is nothing in the record to indicate that Gaffke had personal knowledge of either DEH's budgetary concerns at the time or its fiscal procedures. While any reasonable inferences arising from her testimony are to be drawn in Merrill's favor, mere speculation is not to be credited. The record does not reveal that either Gaffke's status or experience as an Equal Employment Opportunity counselor afforded her any expertise in budgetary matters or made her privy to DEH's specific concerns. Her statements that "all Federal agencies are having money situation problems," that "money is always available," and that "[w]e all know in advance if there are going to be money problems coming up" are in the nature of subjective, generalized, and conclusory opinions, and do not constitute affirmative evidence related to the situation at DEH. As Merrill set forth no facts to show that the withdrawal of the second position vacancy was pretextual, partial summary judgment for defendant was proper.
 
 
 29
 Merrill contends, nonetheless, that defendant's summary judgment motion should not have been ruled upon before the close of discovery on May 22, 1992. Under Federal Rule of Civil Procedure 56(b), a party
 
 
 30
 against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
 
 
 31
 (Emphasis added). While this is so, the district court may, upon request of the nonmovant, postpone ruling on the summary judgment motion until there is adequate discovery. Fed.R.Civ.P. 56(f). It is within the discretion of the court to decide whether to order a continuance, and for what duration. We review the court's decision in this regard only for an abuse of discretion. Emmons v. McLaughlin, 874 F.2d 351, 356-57 (6th Cir.1989).
 
 
 32
 Here, Merrill requested and received a 60-day extension of time to respond to defendant's motion for summary judgment due to his inability to locate counsel. During that time, he did not seek discovery from defendant and did not otherwise ask for additional time to engage in discovery pursuant to Rule 56(f). In light of Merrill's actions, we hold that it was not improper for the district court to grant summary judgment when it did.
 
 
 33
 Additionally, Merrill argues that the district court erred in separating his claim into two distinct nonselections for purposes of summary judgment analysis. He asserts that the two incidents of nonselection did not comprise separate causes of action, but rather supported a single claim. By granting summary judgment as to defendant's handling of the second position vacancy, Merrill protests that the district court undermined his ability to demonstrate pretext as to both position vacancies, thereby denying him a fair trial.
 
 
 34
 It is not clear from Merrill's complaint whether he included the two incidents of nonselection as part of a single claim, or whether he intended them to make out distinct claims. In his brief opposing defendant's motion for summary judgment, he treated them as "separate selection issues." (App. 53.) Furthermore, in his trial brief, Merrill did not deviate from this approach nor did he take issue with the district court's decision to consider the nonselections as separate, actionable episodes of discrimination. As a result, we hold that the court did not abuse its discretion in conceiving of the nonselections as discrete incidents, each capable of disposition by way of summary judgment.
 
 III.
 
 35
 Merrill also contends that the district court committed reversible error in relying upon our decision in Almario v. Attorney General, 872 F.2d 147 (6th Cir.1989), to reach its conclusion that Geraci "fairly considered all candidates who applied for the job." (App. 240.)
 
 
 36
 The court appears to have cited Almario for the proposition that, in accordance with the ADEA, a selecting official's business judgment in assessing the qualifications of candidates for a position may not be second-guessed as long as each individual's qualifications were considered fairly. While Almario, an immigration case, does not support this proposition, it is clear that the ADEA does not preclude an employer from making a business judgment not to hire a particular individual for any reason that is not discriminatory. See Wilkins v. Eaton Corp., 790 F.2d 515, 521 (6th Cir.1986); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir.1982). Hence, although it cited the wrong case, the district court applied the correct legal doctrine, so no reversal is warranted.
 
 
 37
 AFFIRMED.
 
 
 
 *
 Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In order to establish a prima facie case of age discrimination under the Age Discrimination in Employment Act, Merrill had to show that he was in the protected age category, that he was not selected for a position for which he was qualified, that despite his qualifications he was rejected, and that the position remained open and the employer continued to seek applications from persons with his qualifications. See McDonnell Douglas v. Green, 411 U.S. 792 (1973); Chappell v. GTE Prods. Corp., 803 F.2d 261 (6th Cir.1986). If the plaintiff makes out a prima facie case (as Merrill did), the burden of production shifts to the defendant, who must then articulate a legitimate, nondiscriminatory reason for its hiring decision. Defendant accomplished this task in the case at bar. As a result, Merrill was obliged to demonstrate that the articulated reason was pretextual in order to meet his ultimate burden of persuasion. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981)